```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**ROOSEVELT WASHINGTON, SHARON R. HOWARD,**
**ROBIN QUICK, BETTY BURTON AND RAYMOND DOSS,**
**ON BEHALF OF THEMSELVES AND OTHERS**
**SIMILARLY SITUATED**                                      **PLAINTIFFS**

**VS.**                          **CIVIL ACTION NO. 3:06CV24-WHB-JCS**

**FRED'S STORES OF TENNESSEE, INC.**                        **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on Defendant's Partial Motion to Dismiss. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Partial Motion to Dismiss is not well taken and should be denied.

### I. Factual Background and Procedural History

This case involves a wage and hour dispute brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter "FLSA"),[1] as well as Mississippi state law. Plaintiffs claim that Defendant Fred's Stores of Tennessee, Inc. failed to pay them overtime pay for hours worked in excess of forty hours per week, as required by the FLSA. Defendant contends that under the provisions of the FLSA, Plaintiffs were not entitled to overtime pay because

---

[1] The FLSA is "[a] federal law, enacted in 1938, that regulates minimum wage, overtime pay, and the employment of minors." Black's Law Dictionary 633 (8th ed. 2004).

their employment positions were classified as "management" positions.

The subject Complaint was filed with this Court on January 12, 2006. The claims in the Complaint are: count one, violation of the FLSA; count two, negligence / wantonness; and count three, conversion. The subject Partial Motion to Dismiss was filed on February 10, 2006. That Motion is now ripe for consideration.

## II.  Analysis

Defendant argues that count two, negligence, and count three, conversion, must be dismissed because these two state law claims are preempted by the FLSA. Plaintiffs, of course, assert a contrary position. For the reasons stated below, the Court agrees with Plaintiffs.

The Court begins with distinguishing between complete preemption and ordinary preemption.

> Ordinarily, the term federal preemption refers to ordinary preemption, which is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law. Being a defense, it does not appear on the face of a well-pleaded complaint, and, thus, does not authorize removal to a federal court. By way of contrast, complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims for relief or if the federal issue is initially raised solely as a defense.

Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000)(citation omitted). "Stated Simply, complete preemption functions as a

narrowly drawn means of assessing federal removal jurisdiction [as an exception to the well-pleaded complaint rule], while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court." Virgil v. Reorganized M.W. Co., Inc., 156 F.Supp.2d 624, 630 (S.D. Miss. 2001)(citation omitted).  This distinction is important because different tests are utilized in analyzing the two types of preemption.

The preemption issue in the subject case falls under the purview of ordinary preemption.  "[I]t is a 'fundamental principle of the Constitution ... that Congress has the power to preempt state law.'" Planned Parenthood of Houston and S.E. Tex. v. Sanchez, 403 F.3d 324, 336 (5th Cir. 2005)(citation omitted).  This preemptive power is based on the Supremacy Clause of the United States Constitution, Article VI, Clause 2. Hillsborough County, Florida v. Automated Med. Labs., 471 U.S. 707, 712, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985).  Preemption applies to both state statutory law and state common law. Friberg v. Kansas City S. Ry. Co., 267 F.3d 439, 442 (5th Cir. 2001)(citation omitted).  Under ordinary preemption, state law may be preempted under any one of three theories: (1) express preemption; (2) field preemption; or (3) conflict preemption. Wright v. Allstate Ins. Co., 415 F.3d 384, 389 (5th Cir. 2005)(citation omitted).  Regardless of which of the three types of ordinary preemption is invoked, an examination of

Congressional intent is required to decide the issue. <u>Sanchez</u>, 403 F.3d at 336 (citation omitted).

The first category of ordinary preemption is express preemption. Under express preemption, the federal statute must clearly state that its provisions preempt state law. As the FLSA contains no such language, express preemption is not in issue in this case.

The second and third categories of ordinary preemption, field preemption and conflict preemption, must be implied from the circumstances. As indicated by the <u>Sanchez</u> court, the distinction between these categories is not "rigidly distinct." <u>Sanchez</u>, 403 F.3d at 336 n.56 (citation omitted). "Under the implied preemption doctrines of field preemption and conflict preemption, a state claim is preempted where 'Congressional intent to preempt is inferred from the existence of a pervasive regulatory scheme' or where 'state law conflicts with federal law or interferes with the achievement of federal objectives.'" <u>Witty v. Delta Air Lines, Inc.</u>, 366 F.3d 380, 384 (5th Cir. 2004)(citation omitted).

In regard to field preemption:

> Congress' intent to pre-empt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress "left no room" for supplementary state regulation. <u>Rice v. Santa Fe Elevator Corp.</u>, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Pre-emption of a whole field also will be inferred where the field is one in which "the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same

>     subject." Ibid.; see Hines v. Davidowitz, 312 U.S. 52, 61
>     S.Ct. 399, 85 L.Ed. 581 (1941).

Hillsborough County, 471 U.S. at 713.

To determine whether field preemption applies, the Court must judge whether Congress intended the FLSA to be a pervasive regulatory scheme which leaves no room for state law regulation of wage and hour issues.  The Court begins by looking to the language of 29 U.S.C. § 202, titled "Congressional finding and declaration of intent."  Combining the language of subsections (a) and (b) of § 202, the overall purpose of the FLSA is revealed.  The FLSA is intended "to correct and as rapidly as practicable to eliminate ... conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers...." 29 U.S.C. § 202(a) & (b).  This language is insufficient to support a finding of field preemption.  Therefore, other provisions of the FLSA must be analyzed.

Next considered is 29 U.S.C. § 218, titled "Relation to other laws."  Subsection (a) of § 218 states:

>     No provision of this chapter or of any order thereunder
>     shall excuse noncompliance with any Federal or State law
>     or municipal ordinance establishing a minimum wage higher
>     than the minimum wage established under this chapter or
>     a maximum work week lower than the maximum workweek
>     established under this chapter, and no provision of this
>     chapter relating to the employment of child labor shall
>     justify noncompliance with any Federal or State law or
>     municipal ordinance establishing a higher standard than
>     the standard established under this chapter. No provision
>     of this chapter shall justify any employer in reducing a
>     wage paid by him which is in excess of the applicable
>     minimum wage under this chapter, or justify any employer

>in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.

The language of § 218(a) indicates that the FLSA was primarily intended to provide a minimum standard for wage payment, and a maximum standard for work hours. This interpretation is consistent with the language of § 202(a) which states that the intent of the FLSA is to provide for "the maintenance of the *minimum* standard of living." (Emphasis added). In other words, the language of the quoted statutes indicates that the FLSA provides for the "minimum" level of acceptable employment conditions; it does not provide for a pervasive scheme of employment standards which would preclude application of non-conflicting state law. See Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir. 2000)(finding that state common law causes of action were not preempted because "the FLSA's 'savings clause' [embodied in § 218] is evidence that congress did not intend to preempt the entire field.").

Based on the above analysis, the Court finds that Plaintiffs state law negligence and conversion claims are not preempted by the FLSA. This is especially true under the facts of this case, because Plaintiffs' state law claims do not directly overlap with the claim under FLSA. That is, Plaintiffs do not seek overtime pay itself through either of the state law claims, as they do through

the claim under the FLSA.² For these reasons, the Court finds that Plaintiffs' state law claims are not barred by field preemption.³

The final type of ordinary preemption is conflict preemption, which is defined in AT & T Corp. v Public Utility Commission of Texas, 373 F.3d 641 (5th Cir. 2004).

> Conflict preemption "arises when 'compliance with both federal and state regulations is a physical impossibility,'… where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress[,]'" Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 204, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983), where "the state law mandates or places irresistible pressure on the subject of the regulation to violate federal law, … or where the federal scheme expressly authorizes an activity which the state scheme disallows." Wells Fargo Bank of Texas NA v. James, 321 F.3d 488, 491 n.3 (5th Cir. 2003)(citations omitted).

Id. at 645.

---

²Plaintiffs' state law negligence claim is based on failure to supervise and manage employees with regard to provisions of the FLSA, and failure to properly implement policies consistent with said provisions. Complaint, Count II, ¶¶ 40-42. The state law conversion claim is based on the failure of Defendant to remit federal and state withholding taxes to the government, which were allegedly payable on overtime compensation due to Plaintiffs. Complaint, Count III, ¶¶ 43-45.

³The Court notes that this holding is somewhat inconsistent with the findings rendered by the undersigned in Barfield v. Madison County, Mississippi, 984 F.Supp. 491 (S.D. Miss. 1997). In Barfield, the Court dismissed one of the plaintiffs' claims on the *alternative* basis of preemption by the FLSA. Id. at 509. Even though the actual word "preempt" or the phrase "field preemption" was not used in that opinion, the test utilized as the basis for the alternative dismissal of the claim in issue was the test for field preemption. Id. To the extent that the holdings in Barfield are inconsistent with the holdings in this opinion, Barfield is abrogated.

Plaintiffs' state law claims in the subject cause impose none of the aforesaid conditions on enforcement of the provisions of the FLSA.  The Court accordingly finds that the state law claims are not barred by conflict preemption.

Defendant has failed to carry its burden to prove that Plaintiffs' negligence claim and conversion claim are preempted by the FLSA.  Therefore, the Motion to Dismiss must be denied.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss (docket entry no. 9) is hereby denied.

SO ORDERED this the 17th day of April, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct